UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTA BRYCELAND, on behalf of N.B., minor,

                        Plaintiff,

        -against-

JANET McFARLAND, FAMILY COURT JUDGE,

                       Defendant.

22-CV-1771 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Marta Bryceland brings this action *pro se*. She alleges that Defendant violated her rights in Staten Island (Richmond County), New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2).

      Plaintiff alleges that Defendant, who is a Family Court Judge in Staten Island (Richmond County), New York, violated her rights in the Richmond County Family Court on various dates in 2019, 2020, and 2021. Because Plaintiff does not allege that Defendant resides in this district or that a substantial part of the events or omissions giving rise to her claims arose in this district,

venue is not proper in this Court under Section 1391(b). Plaintiff's claims arose in Staten Island, New York, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 4, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge